WARNER G. BAIRD AND JULIA DOLE BAIRD, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97439.   Promulgated October 15, 1940.

*James A. Sprowl, Esq.*, and *George F. James, Esq.*, for the petitioners.

*E. G. Sievers, Esq.*, for the respondent.

972

STERNHAGEN: 1. The petitioner deducted the cost, $6,908.58, of the lots in Ravinia Woodlands as an ordinary loss. This deduction the Commissioner disallowed, saying:

The examination indicated that Mr. Warner G. Baird purchased in December of 1929 six lots at a total cost of $34,908.58. These properties were subject to mortgages totaling $28,000, leaving a net equity of $6,908.58. In December of 1935 this real estate was quit-claimed by Mr. Baird to the mortgage holders. This is considered to be a capital transaction, coming within the provisions of section 117 of the Revenue Act of 1934, and the loss of $6,908.58 is being considered under item (f) herein.

As shown by the findings, the petitioner did not assume the mortgages on the property and was not liable on them. His interest was only in the "equity." The threat of foreclosure of the mortgage was only ominous to him if the property was worth more than the mortgage. Apparently it was not. The quitclaim was not to relieve petitioner of a liability, but only to simplify the transfer of title. As to him it had no aspect of a sale or exchange. *Polin* v. *Commissioner*, 114 Fed. (2d) 174; *Commonwealth, Inc.*, 36 B. T. A. 850; *Sherwin A. Hill, Administrator*, 40 B. T. A. 376 (on review C. C. A., 6th Cir.); *Realty Operators, Inc.*, 40 B. T. A. 1051 (on review C. C. A., 5th Cir.). The situation is unlike *Rogers* v. *Commissioner*, 103 Fed. (2d) 790; certiorari denied, 308 U. S. 580; rehearing denied, 308 U. S. 635, in which the quitclaim deed was given in exchange for a release of the taxpayer's mortgage obligation.

In respondent's brief, after expressing disagreement with the decision in *Commonwealth, Inc.*, *supra*, the suggestion is made for the first time that by giving the quitclaim the petitioner may have been relieved of liability for taxes or for mortgage interest or for other items. The petitioner had no reason to suppose that there was any issue except as to his liability for the mortgage and whether, on that account, his quitclaim was to be regarded as a sale or exchange. By the question which respondent now attempts to raise in his brief, the Board would be required to search the record for other items of liability and to determine whether by the quitclaim petitioner was relieved of such liability. This is a burden which the Board is not required to assume unless the matter has been the subject of the litigation. While the Government is not limited or bound by an inept or inadequate deficiency notice, there is ample opportunity, by timely pleadings, for the expansion of the issues of fact and law so that they can be fully explored and presented before the end of the trial. There is no reason for speculation, outside the stated issues, as to whether the petitioner was relieved of an existing liability for taxes or interest, and it is unfair to surmise now that he was. From the record it appears more likely that

he had no such liability or that, if he had, he was not relieved of it.

The deficiency was incorrect in treating the loss of $6,908.58 as a capital loss.

2. The Commissioner increased the income attributable to Julia Dole Baird as the beneficiary of a trust established by her father's will. The deficiency notice does not clearly explain the determination and the Commissioner has several times shifted his position, so the issues are in some confusion.

(a) The respondent has conceded that the determination of the trust's taxable income erroneously includes interest on improvement bonds of the city of Chicago and of the village of Villa Park. Such interest is exempt. *Commissioner* v. *Pontarelli*, 97 Fed. (2d) 793.

(b) At the hearing, the respondent stated that a reason why the expenses of the trust were not deductible was because the trust was not engaged in carrying on a trade or business but was only a passive recipient of income and a conservator of investments, citing *George Vanderbilt Trust*, 36 B. T. A. 967; *City Bank Farmers Trust Co.* v. *Commissioner*, 112 Fed. (2d) 457, affirming 39 B. T. A. 29. There is nothing in the deficiency notice or the pleadings to suggest this question, and petitioner complains that he was unprepared at the trial to meet the new contention; although he urges that the evidence indicates frequent and regular transactions sufficient to constitute a business. The issue, we think, was not properly pleaded and it would be unfair to consider it. The deficiency proceeded upon the postulate generally that expenses were deductible by the trust, and held that it was necessary to apportion the expenses between taxable and nontaxable income. The petitioner assailed the requirement of apportionment.

Under Revenue Act of 1934, section 24 (a) (5),[1] the deduction of expenses is limited so as to exclude from the deduction an amount allocable to tax-exempt income "other than interest." As shown by the findings, all of the trust's tax-exempt income was interest and, therefore, there is no part of the trust's expense deduction which is properly allocable to tax-exempt income other than interest and no occasion for an apportionment. The entire amount of expenses of the trust is properly deductible, *Cornelia W. Roebling*, 37 B. T. A. 82; *John H. Watson, Jr., et al., Trustees*, 35 B. T. A. 706, 709.

*Decision will be entered under Rule 50.*

---

[1] SEC. 24. ITEMS NOT DEDUCTIBLE.

(a) GENERAL RULE.—In computing net income no deduction shall in any case be allowed in respect of—

\* \* \* \* \* \* \*

(5) Any amount otherwise allowable as a deduction which is allocable to one or more classes of income other than interest (whether or not any amount of income of that class or classes is received or accrued) wholly exempt from the taxes imposed by this title; or